Filed 9/19/25  Porter v. Equinox Holdings CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| RENEE PORTER et al.,<br><br>     Plaintiffs and Respondents,<br><br>v.<br><br>EQUINOX HOLDINGS, INC.,<br><br>     Defendant and Respondent;<br><br>JUANITA MARQUEZ,<br><br>     Objector and Appellant. | A169174, A169659<br><br><br>(Alameda County<br>Super. Ct. No. RG19009052) |

In June 2022, objector Juanita Marquez (Marquez), a former employee of Equinox Holdings, Inc. (Equinox), filed a separate suit against Equinox in Los Angeles Superior Court alleging claims under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.).[1]  In March 2019, plaintiffs Renee Porter and Joshua Tolin (collectively Porter) filed a PAGA action in this matter (*Porter* PAGA action).  The *Porter* PAGA action was consolidated for purposes of settlement with *Fodera v. Equinox*

---

[1]All statutory references are to the Labor Code unless otherwise stated.

PAGA allows aggrieved employees, acting as the agent of the Labor and Workforce Development Agency (LWDA), to bring an action against their employer to recover civil penalties for Labor Code violations.  (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 81.)

*Holdings, Inc.* (N.D.Cal. No. 3:19-cv-05072-WHO), a class action alleging wage and hour claims (*Fodera* class action). Equinox settled the consolidated *Porter* PAGA action and the *Fodera* class action, and the trial court approved the PAGA and class settlement and entered judgment. Thereafter, Marquez sought to vacate the judgment as to her. The trial court denied her requested relief. Marquez appealed from the judgment (No. A169174) and, separately, from the denial of her ex parte application to vacate the judgment (No. A169659). We granted Marquez's motion to consolidate her appeals.

We conclude Marquez lacks standing to challenge the judgment as to the settlement of the PAGA claims. We dismiss her appeal from the judgment (No. A169174) and affirm the denial of her application to vacate the judgment (No. A169649).

## FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 2019, Porter filed a complaint against Equinox in Alameda County Superior Court alleging claims under PAGA for violations of various wage and hour laws under sections 201, 202, 203, 204, 226, 226.2, 226.7, 510, 512, 1174, 1174.5 and 1194. The *Fodera* class action was also originally filed in 2019 in Alameda County Superior Court and then removed to federal court. The *Fodera* class action alleged various wage and hour claims against Equinox. In June 2022, Marquez filed a PAGA action against Equinox in Los Angeles Superior Court.[2]

---

[2] Marquez's opening brief does not provide a record citation to her PAGA complaint and, instead, cites to her declaration filed in support of her ex parte application to vacate the judgment, which states that she filed an action against Equinox in Los Angeles. Her ex parte application to vacate the judgment states generally that Marquez's PAGA complaint asserts "wage and hour" claims but does not specify any Labor Code sections or factual support for the claims.

2

Pursuant to a stipulation between Equinox and the plaintiffs in the *Porter* PAGA action and the *Fodera* class action, the trial court granted leave for the parties to file a second amended complaint, adding the *Fodera* class action claims.  On January 31, 2023, Porter and Fodera filed a second amended class and PAGA representative complaint in this case asserting claims for (1) failure to pay minimum wage, (2) failure to pay overtime wages, (3) failure to provide meal periods, (4) failure to provide rest periods, (5) failure to pay for rest and recovery periods, (6) failure to furnish accurate wage statements, (7) failure to pay earned wages upon termination, (8) unfair competition in violation of Business and Professions Code section 17200, and (9) PAGA.  The PAGA cause of action alleged violations of the same Labor Code sections as alleged in Porter's original complaint.  It further alleged that the plaintiffs complied with Labor Code section 2699.3 by providing written notice to the LWDA on October 25, 2018, of the specific Labor Code provisions alleged to have been violated and that the LWDA did not notify plaintiffs of its intent to investigate the claimed violations within the statutory time period (65 days).

On February 2, 2023, the parties (Porter, Fodera, and Equinox) executed a stipulation of class and representative action settlement and release (settlement agreement) in which Equinox agreed to pay $36 million in exchange for a release of the *Fodera* class action claims and the *Porter* PAGA action claims.[3]  Plaintiffs' counsel informed the LWDA of the PAGA portion of the settlement, which allocated $1 million to PAGA penalties.  On March 9, 2023, the trial court issued an order preliminarily approving the settlement,

_____

[3] Pursuant to the settlement agreement, the parties stipulated to stay the federal *Fodera* class action until all distributions under the settlement were made, at which point the parties agreed to dismiss the federal *Fodera* class action.

3

and provisionally and conditionally certifying the settlement class as to all persons employed by Equinox as nonexempt, hourly-paid employees at any time from April 3, 2015, to December 31, 2022. The order also defined the PAGA members as all persons employed by Equinox as nonexempt employees from December 26, 2017, to December 31, 2022, and stated that PAGA members cannot opt out of or object to the settlement of the PAGA claims. The order approved the proposed method of notice to the settlement class by first class mail to each class member's last known address and stated each class member had 45 days from the mailing of the class notice to opt out or submit objections to the settlement. The order set a final approval hearing for September 8, 2023, to consider any objections to the proposed settlement and determine the class counsel fee and class representative awards.

In advance of the final approval hearing, the parties submitted a declaration from the class action settlement administrator, who stated that she obtained from Equinox the last known address of 15,433 class members and then updated those addresses through a national change of address search. On May 24, 2023, the administrator mailed the class members the notice of class action settlement. The deadline to object or request exclusion from the settlement was July 8, 2023. The administrator received no written objections to the settlement. She received requests for exclusion from three class members. The class participation rate was 99.98 percent. Plaintiffs' counsel also submitted a declaration declaring, among other points, that he provided notice of the settlement to the LWDA.

On September 21, 2023, the trial court issued an order of final approval of the class action and PAGA settlement. Regarding the PAGA portion of the settlement, the order adjudged: "[A]ll PAGA Members and the [LWDA] have released the Released Parties from all claims that were alleged in the

4

operative complaint in the Porter Action, or that could have been alleged in the operative complaint in the Porter Action based upon the factual allegations therein, including: claims under PAGA for PAGA violations arising from Defendant's alleged failure to: (1) pay all wages earned; (2) pay minimum wage; (3) pay overtime; (4) provide compliant meal periods; (5) provide compliant rest periods; (6) pay for rest and recovery periods and other nonproductive time; (7) furnish compliant wage statements; (8) keep compliant payroll records; and (9) pay wages owed upon termination and all other claims and allegations made or which could or should have been made based on the allegations in the operative complaint in the Porter Action from December 26, 2017 through the Release Date, and specifically including all claims alleged in the First Amended Complaint in the Porter Action or that could have been alleged in the First Amended Complaint in the Porter Action, which claims expressly are incorporated in the operative complaint in the Porter Action." The order identified the three individuals who timely requested to be excluded from the settlement class and stated they are not bound by the settlement agreement or judgment "except that they shall remain bound the release of all claims under the Private Attorneys General Act." (*Sic.*)

On November 20, 2023, Marquez filed an "Ex-parte Application for an Immediate Order to Vacate the Judgment, Amend the Judgment, and Set Aside the Judgment as Against Her Pursuant to Sections 663 and 473." (Some capitalization omitted.) She asserted that she did not receive notice of the settlement and therefore she was entitled to relief on the grounds of mistake, inadvertence, surprise, or excusable neglect under Code of Civil

5

Procedure section 473, subdivision (b).[4]  Marquez submitted a declaration stating that she did not receive the notice of preliminary approval (which she attached as an exhibit to her declaration) and that if she had received it she would have consulted with her attorney to opt out, object, and stop the settlement because it would affect her own PAGA action filed in Los Angeles Superior Court.  She declared that she previously opted out of another class action settlement involving Equinox.  Her application requested that (1) she be treated as an opt-out of the class settlement; and (2) that the scope of the PAGA release be narrowed because it allegedly included release of Labor Code claims that were not part of the plaintiffs' original notice to the LWDA.  Her application did not argue that the settlement was void or voidable.

Equinox filed an opposition to Marquez's application, which was supported by a declaration from the claims administrator stating that she confirmed Marquez's mailing address before sending Marquez the settlement notice packet at the confirmed address on May 24, 2023, and that she did not receive any notification that Marquez's settlement notice packet was undeliverable.  Equinox's opposition explained that it had successfully demurred to Marquez's PAGA lawsuit in Los Angeles on statute of limitations grounds and that Marquez had a pending appeal.[5]  Equinox

_____

[4] Code of Civil Procedure section 473, subdivision (b) states:  "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.  Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . ."

[5] On September 27, 2022, Equinox filed a notice of related cases in Marquez's PAGA lawsuit notifying her of the *Porter* PAGA action.

6

argued that PAGA did not require notice to unnamed aggrieved employees and that they were not entitled to opt out of a PAGA action.  In any event, Equinox argued, Marquez had proper notice of settlement through the claims administrator.  Finally, as to the substance of Marquez's argument regarding the scope of the PAGA release, Equinox asserted that whether the settlement precluded Marquez's separate PAGA lawsuit was not an issue for the trial court in this action but, rather, rested with the court deciding Marquez's lawsuit.

The trial court held a hearing on Marquez's ex parte application on November 21, 2023.  The hearing was not reported by a court reporter.  According to the settled statement in lieu of a reporter's transcript (Cal. Rules of Court, rule 8.124), Marquez's counsel argued that the judgment, coupled with the second amended complaint, caused a release of PAGA claims that were not properly exhausted by notice to the LWDA.  He stated that Marquez had opted out of a previous class action settlement and would have done so here too if she had been sent the opt-out notice.  He argued that under Code of Civil Procedure section 473, Marquez should be granted relief to permit a late opt-out of the class claims and that the trial court should "order correction of the judgment to release solely those claims encompassed by the scope of the LWDA notice."[6]  Equinox argued the claims administrator's declaration declared Marquez was properly served by mail and that under the "mailbox rule" there was a presumption of proper service.  Plaintiffs' counsel argued that the PAGA settlement only released properly exhausted claims.  The trial court asked Marquez's counsel why the mailbox

---

[6] Neither Marquez's written ex parte application nor the settled statement details or explains how the PAGA settlement released claims that were not included in the notice to the LWDA.

rule should not be given effect on the issue of notice. Marquez's counsel argued that Code of Civil Procedure section 473 controlled when inadvertence or excusable neglect was shown, as here. The trial court stated that Marquez's moving papers and supporting declarations were insufficient to justify relief under Code of Civil Procedure section 473. It denied the application and requested that Equinox's counsel prepare a proposed order. The trial court's November 21, 2023 minute order states the ex parte application was denied. On November 30, 2023, the trial court entered a formal order denying Marquez's ex parte application to vacate the judgment.

On November 27, 2023, Marquez filed a notice of appeal from the judgment (No. A169174). On January 18, 2024, she filed a notice of appeal from the trial court's order denying her ex parte application to vacate the judgment (No. A169659). We granted Marquez's motion to consolidate the appeals.

## DISCUSSION

Equinox moved to dismiss Marquez's appeals based on our high court's decision in *Turrieta v. Lyft, Inc.* (2024) 16 Cal.5th 664 (*Turrieta*), which holds that a PAGA plaintiff in one action does not have a right to move to vacate a judgment in an overlapping PAGA action and does not have standing to appeal. (*Id.* at p. 712.) We denied the motion without prejudice to arguing the issue in the appellate briefs. We now conclude the appeal from the judgment should be dismissed. Marquez's application to vacate the judgment was brought on the theory that she, as a PAGA representative for the LWDA in another action, had authority to move to vacate the judgment in this action. *Turrieta* holds that PAGA provides no such authority. (*Id.* at p. 711.) To the extent Marquez challenges the denial of her request to opt out of the class settlement, we affirm the order denying her ex parte application.

8

# I.    *PAGA Overview*

PAGA was enacted in 2003 to address a perceived "shortage of government resources to pursue enforcement" of the Labor Code.  (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 379 (*Iskanian*), overruled in part on other grounds in *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639, 662–663 [213 L.Ed.2d 179].)  PAGA "empower[s] employees to enforce the Labor Code as representatives of the [LWDA]."  (*Iskanian*, at p. 383.)

"[A] PAGA claim . . . is not a dispute between an employer and an employee arising out of their contractual relationship.  It is a dispute between an employer and the *state*, which alleges directly or through its agents—either the [LWDA] or aggrieved employees—that the employer has violated the Labor Code. . . .  '[A]n action to recover civil penalties "is fundamentally a law enforcement action designed to protect the public and not to benefit private parties" '; . . . '[i]n a lawsuit brought under the [PAGA], the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies'; and . . . 'an aggrieved employee's action under the [PAGA] functions as a substitute for an action brought by the government itself.' . . . [T]he state is the real party in interest."  (*Iskanian, supra*, 59 Cal.4th at pp. 386–387, 1st–3d & 7th bracketed insertions added.)  Under former section 2699, subdivision (i), civil penalties recovered under PAGA were distributed as follows:  75 percent to the LWDA and 25 percent to the aggrieved employees.[7]

---

[7] The parties' settlement, signed in March 2023, allocated 75 percent of the PAGA settlement to the LWDA and 25 percent to the PAGA members. Section 2699 was amended effective July 1, 2024, and current subdivision (m) states that 65 percent of recovered civil penalties shall be distributed to the

9

Before bringing a PAGA action for statutory penalties, an employee is required to give notice of the alleged Labor Code violations to both the employer and the LWDA, describing the facts and theories supporting a violation. (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 981; § 2699.3, subd. (a)(1)(A).) The purpose of the notice requirement is to provide the LWDA with the opportunity to decide whether to allocate resources to an investigation. (*Williams v. Superior Court* (2017) 3 Cal.5th 531, 545–546.) An employee may file an action if the LWDA declines to investigate, investigates but decides not to issue a citation, or fails to respond to the employee's notice within 65 days. (§ 2699.3, subd. (a)(2)(A) & (B).) Within 10 days of filing an action, a PAGA plaintiff must provide the LWDA with "a file-stamped copy" of the complaint. (§ 2699, subd. (s)(1).) If a settlement is reached, then "[t]he proposed settlement [must] be submitted to the [LWDA] at the same time that it is submitted to the court" for review and approval. (§ 2669, subd. (s)(2).) As recently explained by the Supreme Court, these provisions indicate that the Legislature entrusted the court and the LWDA to provide oversight of PAGA settlements. (*Turrieta, supra,* 16 Cal.5th at p. 697.)

## II. *Turrieta*

*Turrieta* decided the question of whether an employee (Olson) in one representative action filed under PAGA has the right to intervene, or object to, or move to vacate a judgment in a related action that purports to settle the claims that the employee has brought on behalf of the state. (*Turrieta, supra,* 16 Cal.5th at p. 680.) It concluded the nonparty employee had no such rights under PAGA, and it affirmed the Court of Appeal's judgment finding

---

LWDA and 35 percent shall be distributed to the aggrieved employees. (§ 2699, subd. (m).)

10

that Olson had no standing to move to vacate or appeal from the judgment. (*Ibid.*)  Here, Marquez never sought to intervene, and therefore we focus our discussion of *Turrieta* on its analysis of whether an employee in Marquez's position may object to or move to vacate a judgment settling PAGA claims.

Turrieta explains, "[A]s a general matter, 'only parties of record may appeal,' " and a person denied the right to intervene may not ordinarily appeal from a judgment subsequently entered.  (*Turrieta, supra*, 16 Cal.5th at p. 710.)  However, "a person denied intervention 'who is legally "aggrieved" by a judgment may become a party of record and obtain the right to appeal by moving to vacate the judgment pursuant to Code of Civil Procedure section 663. [Citations.]  One is considered, "aggrieved" whose rights or interests are injuriously affected by the judgment.  [Citations.]  [The] interest " 'must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment.' " ' [Citation.]"  (*Turrieta*, at pp. 710–711, fn. omitted.)

The nonparty in *Turrieta* argued that he had authority to move to vacate and standing to appeal because he was the state's representative in an overlapping PAGA action and that the state was aggrieved by the judgment because the settlement resolved claims for a fraction of their value. (*Turrieta, supra*, 16 Cal.5th at p. 711.)  *Turrieta* rejected this argument, explaining:  "The provisions of PAGA contain no language expressly referencing the power to make a motion to vacate the judgment in another aggrieved employee's PAGA action asserting overlapping claims, and concluding that this power is necessarily implied in a PAGA plaintiff's authority to commence and prosecute a PAGA action on the state's behalf would be inconsistent with the statutory scheme as a whole.  When the Legislature expressly addressed the issue of oversight, it looked only to the

courts and to the LWDA, and it provided for the funds it deemed necessary for the LWDA to effectively perform its statutorily assigned oversight functions consistent with existing budgetary constraints. The omission of any mention or suggestion of oversight by anyone else is significant given the unanswered questions that would arise from adopting Olson's construction, which could leave courts faced with multiple motions to vacate and multiple appeals in a single PAGA action, filed by multiple PAGA plaintiffs and their counsel, all purporting to represent the interests of the same client: the state. In addition to these procedural problems, Olson's view implicates conflicting policy arguments that should be evaluated and addressed by the Legislature in its policymaking role, not by this court as part of interpreting the statute. Nothing in PAGA's text, the statutory scheme, or the legislative history suggests the Legislature understood or intended an aggrieved employee's authority to commence and prosecute a PAGA action on the state's behalf to include the power to move to vacate a judgment obtained by another aggrieved employee—representing the same state interest—after a proposed settlement has been submitted for review to both the trial court and the LWDA, and the court has determined that the proposed settlement 'is fair to those affected.' [Citation.]" (*Id.* at p. 711.) *Turrieta* concluded that "the scope of an aggrieved employee's authority to commence and prosecute a PAGA action on the state's behalf does not include the authority to move to vacate the judgment obtained by *another* PAGA plaintiff on the state's behalf in a separate PAGA action." (*Id.* at p. 712.)

*Turrieta* also rejected the nonparty's argument that he had a right to object to the proposed settlement of another PAGA plaintiff's action. (*Turrieta, supra*, 16 Cal.5th at p. 713.) It reasoned that PAGA is silent

12

regarding the right of a nonparty to object and does not require that nonparties be given notice of settlement. (*Id.* at pp. 713–714.)

In *Turrieta*, the nonparty argued that he had authority to intervene and move to vacate because he was the state's representative in an overlapping PAGA action and the state was aggrieved by the judgment. (*Turrieta, supra*, 16 Cal.5th at p. 711.) *Turrieta* expressly stated that it was not deciding whether a PAGA plaintiff could have a personal interest in an overlapping suit that might support intervention. (*Id.* at p. 684 & fn. 6, 705, fn. 21.) In *Moniz v. Adecco USA, Inc.* (2025) 109 Cal.App.5th 317 (*Moniz*), our colleagues in Division Four recently addressed a nonparty's argument that she, as an aggrieved employee, had a personal interest sufficient to provide her standing to move to vacate a judgment after settlement of an overlapping PAGA action. (*Moniz*, at pp. 330–335.) *Moniz* concluded that "*Turrieta*'s concerns about allowing intervention or vacatur by PAGA plaintiffs in overlapping suits as state proxies apply with the same force when those same individuals seek vacatur based on private interests under the same statute . . . ." (*Id.* at p. 335.) Accordingly, *Moniz* dismissed the nonparty's appeals from the judgment and from the denial of her motion to vacate judgment. (*Id.* at p. 336.)

## III. *Marquez lacks standing to challenge the judgment or to seek to vacate the PAGA portion of the judgment.*

Marquez argues she has standing to appeal the judgment and the denial of her application to vacate the judgment because she is an unnamed class member who filed an application to vacate the judgment. She relies on *Hernandez v. Restoration Hardware, Inc.* (2018) 4 Cal.5th 260, which states that unnamed class members in class actions do not become parties of record under Code of Civil Procedure section 902, with the right to appeal the class judgment, unless they formally intervene in the class litigation before the

13

action is final or file an appealable motion to set aside and vacate the class judgment under Code of Civil Procedure section 663. (*Hernandez*, at pp. 263, 267.) *Hernandez* involved only class action claims and not PAGA claims. (*Hernandez*, at p. 263.) Equinox counters that Marquez's application for ex parte relief was untimely and defective and that neither *Hernandez* nor any other authority cited by Marquez provides that filing an ex parte application to vacate a judgment affords a nonparty standing to appeal. We need not decide whether an ex parte application to vacate a judgment, as opposed to a noticed motion, provides a nonparty with standing to appeal a settlement of class and PAGA claims because we find *Turrieta*'s analysis controlling.

Marquez's ex parte application asserted that she wanted to opt out of the settlement because she believed it impacted her own pending PAGA action. She sought to vacate the PAGA portion of the judgment because it allegedly included settlement of Labor Code claims that were not included in the plaintiffs' notice to the LWDA.[8] Thus, her ex parte application—even

---

[8] Neither Marquez's ex parte application nor her opening brief adequately explains the substance of her objection. Her opening brief states the judgment "releases Labor Code claims based on Labor Code violations never mentioned, let alone exhausted with the LWDA." As support for this statement she cites multiple pages of three separate volumes of the clerk's transcript, including the entire 45-page amended settlement. She then concludes "the Court indisputably approved the settlement of a Class Action settlement, including for PAGA claims that were never properly exhausted" and cites to the same long list of documents. Such imprecise citations to a voluminous record violate the California Rules of Court and would hamper our ability to evaluate Marquez's claim even if we found she had standing. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205 [appellate court is unable to adequately evaluate which facts a party believes supports its position when the brief cites to a block page reference].)

assuming, without deciding, that it was procedurally valid—sought to do, at least in part, what *Turrieta* explains PAGA does not authorize her to do. (*Turrieta, supra*, 16 Cal.5th at p. 712 ["the scope of an aggrieved employee's authority to commence and prosecute a PAGA action on the state's behalf does not include the authority to move to vacate the judgment obtained by *another* PAGA plaintiff on the state's behalf in a separate PAGA action"].) Marquez does not explicitly explain whether she is aggrieved for purposes of appellate standing based on her status as a representative of the state in her PAGA action or based on her personal interests. However, we agree with *Moniz*'s analysis that *Turrieta*'s reasoning applies equally whether a nonparty seeks to vacate a judgment in another PAGA action based on either the nonparty's status as the state proxy or the nonparty's personal interests. (*Moniz, supra*, 109 Cal.App.5th at pp. 332–335 ["If a PAGA plaintiff could obtain standing to . . . move to vacate in an overlapping suit merely by engaging in the semantic exercise of relabeling his or her interest arising from the statute as a private one rather than one as the state's proxy, *Turrieta*'s holding precluding . . . vacatur solely by virtue of status as an overlapping PAGA plaintiff would have no effect"].)

Marquez attempts to distinguish *Turrieta* on the basis that it involved only a PAGA action, whereas here the PAGA action was consolidated with the Fodera class action for settlement purposes and the settlement and judgment include both PAGA and class claims. As *Turrieta* notes, PAGA does not require notice of a settlement to other aggrieved employees, which differs from class actions in which " 'class representatives [must] notify [absent] class members of a pending settlement on the merits and provide them with the opportunity to object at the final settlement fairness hearing.' " (*Turrieta, supra*, 16 Cal.5th at p. 693, fn. 12.) Marquez relies upon the

15

procedural posture of this action, which includes settlement of class claims and PAGA claims, to assert that her filing an ex parte application to vacate the judgment is sufficient to provide her with standing as stated in *Hernandez*, which involved only a class settlement. (*Hernandez, supra*, 4 Cal.5th at p. 263.)

We find her argument unpersuasive under the facts of this case. Marquez's ex parte application asserted that she did not receive notice of the class settlement and that the PAGA release was overbroad. She did not assert any objections to the class portion of the settlement or judgment. Similarly, her opening brief states that after finding standing based on her application to vacate the judgment, "[t]he next and only question as it pertains to the reviewability of the Judgment is whether or not the Court had legal authority to settle and release PAGA claims for which there was no exhaustion." *Turrieta* found "the scope of an aggrieved employee's authority to commence and prosecute a PAGA action on the state's behalf does not include the authority to move to vacate the judgment obtained by *another* PAGA plaintiff on the state's behalf in a separate PAGA action." (*Turrieta, supra*, 16 Cal.5th at p. 712.) Marquez fails to persuade us that she has standing to seek vacatur of a judgment obtained by another PAGA plaintiff in a separate action despite the holding in *Turrieta*, simply because the judgment also included class action claims. Permitting Marquez to contest the PAGA portion of the settlement, which is the only objection she raises, by seeking vacatur would contravene the holding of *Turrieta*. Our Supreme Court has clarified that Marquez's status as an aggrieved employee pursuing a separate, and later filed, PAGA action does not give her authority to seek to vacate the judgment obtained by Porter on behalf of the state in the *Porter* PAGA action. (*Ibid.*) We see no reason to allow Marquez to avoid the impact

16

of *Turrieta*'s holding because the settlement of the *Porter* PAGA action also includes class claims against Equinox.

## IV.    *Opt-out Request*

The only other relief Marquez's ex parte application sought was that she be deemed to have opted out of the settlement.  She submitted a declaration stating she did not receive the notice of settlement and that she would have opted out if she had received it.  She claimed this relief was warranted based on mistake, inadvertence, surprise, or excusable neglect under Code of Civil Procedure section 473.  Equinox submitted a declaration from the claims administrator stating that she confirmed Marquez's mailing address before mailing the settlement notice and that she did not receive any notification that Marquez's settlement packet was undeliverable.  Equinox also argued that there is no notice requirement for the PAGA portion of the settlement and unnamed employees have no ability to opt out of the PAGA settlement.  Finally, Equinox argued that actual receipt of notice of the class action settlement is not required, but only the best notice practicable and reasonably calculated under the circumstances to apprise her of the action.  It cited, among other authorities, *Silber v. Mabon* (9th Cir. 1994) 18 F.3d 1449, which held that an absent class member's due process rights were not violated when he did not receive notice of settlement in time to opt out. (*Id.* at pp. 1453–1454.)  The trial court here denied Marquez's application and stated at the hearing that her moving papers and declarations were insufficient to justify relief under Code of Civil Procedure section 473.

On appeal, under the heading "The Court Should Have Vacated the Judgment Pursuant to Code Civ. Proc. Section 473," Marquez argues that because she denies receiving the settlement notice packet, she should be permitted to opt out.  (Some capitalization omitted.)  As explained *ante*,

17

Marquez may not opt out of the PAGA portion of the settlement. (*Moniz, supra,* 109 Cal.App.5th at p. 334 ["[I]t is not possible to opt out of a PAGA suit"].) Thus, the more limited question to be decided is whether the trial court erred in denying Marquez's request to permit a late opt-out of the class portion of the settlement. Marquez argues, without any citation to authority, that although Equinox submitted evidence of the mailing of the settlement notice packet to Marquez's address, "the inquiry is not whether the paperwork was mailed, but whether she actually received said notice," and that "the act of sending mail is simply not conclusive proof of receipt." She further argues, without citation, that it is "well-established" that "all doubts should be resolved in favor of granting 473 relief."

We review the trial court's discretionary decision to grant or deny relief under Code of Civil Procedure section 473, subdivision (b) for abuse of discretion. (*County of San Bernardino v. Mancini* (2022) 83 Cal.App.5th 1095, 1103.) Marquez fails to establish an abuse of discretion. (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573 ["[T]he most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error"].) She cites no authority for her position that her declaration of nonreceipt of the settlement notice packet requires the trial court to grant her relief from the opt-out deadline. Case law regarding notice of class action settlements is to the contrary. (E.g., *Juris v. Inamed Corp.* (11th Cir. 2012) 685 F.3d 1294, 1321 ["Courts have consistently recognized that . . . due process does not require that class members actually receive notice"]; *Silber v. Mabon, supra,* 18 F.3d at p. 1454.) The trial court acted within its discretion to deny relief given the undisputed evidence that the claims administrator mailed the

18

settlement notice to Marquez's address and that the notice to Marquez was not returned as undeliverable.[9]

## DISPOSITION

The appeal from the judgment (No. A169174) is dismissed.  The order denying Marquez's ex parte application to vacate the judgment (No. A169659) is affirmed.


Jackson, P. J.


WE CONCUR:

Simons, J.
Chou, J.

A169174/*Porter v. Equinox Holdings, Inc.*

---

[9] Under the same heading, Marquez argues that "the trial court essentially granted relief for a void order."  Contrary to her statement in her opening brief, the record does not establish that she argued below that the judgment was void.  Her argument appears to reassert her objections to the PAGA settlement based upon a purported lack of exhaustion and has nothing to do with the trial court's denial of her request to opt out of the class portion of the settlement on the basis that she did not receive the settlement notice packet.